FILED
APR 3 0 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC RODNEY HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12 0673 |
| ) | |
| W.H.H. TRICE AND COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff has filed an application to proceed *in forma pauperis* and a *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff alleges that, upon his release from incarceration in 2010, he lived with Eleanor Jackson at Museum Square Apartments. Compl. at 2. Although Museum Square is a building for senior citizens and plaintiff did not sign a lease, he asserts a right to have lived with Ms. Jackson in his capacity as her legal guardian. *See id.*, Ex. (Transcript of Proceedings, *W.H.H. Trice and Co. v. Jackson*, No. LTB-18471-11 (D.C. Super. Ct. Oct. 27, 2011)) at 2:22-3:1. It appears that plaintiff sought permission to be on the lease and his request was rejected because of his felony conviction. *See id.* (Transcript) at 4:12-18, 11:6-18; *see also id.*, Ex. (Letter to plaintiff from Cathleen McCartney, Director, Residential Portfolio, WHH Trice & Company, dated June 23, 2011). Exhibits submitted with the complaint show that defendant initiated legal proceedings in the Superior Court of the District of Columbia, Civil Division, Landlord and Tenant Branch, *see id.*, Ex. (Verified Complaint for Possession of Real Property), asserting that Ms. Jackson violated the terms of her lease by allowing plaintiff, an unauthorized occupant, to live in her apartment, *see id.*, Ex. (Notice to Correct or Vacate dated May 23, 2011) at 1. Plaintiff does not state whether Ms. Jackson ultimately was evicted; by order of the Superior

Court, however, plaintiff was barred from entry into Museum Square Apartments. *Id.*, Ex. (Order, *W.H.H. Trice & Company v. Jackson*, No. 2011 LTB 18471 (D.C. Super. Ct. filed Dec. 22, 2011)). According to plaintiff, defendant discriminated against him because of his criminal conviction, and deprived him of an opportunity to defend himself in the Superior Court. *Id.* at 4. He demands actual and punitive damages of $500,000. *Id.* at 5.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, __ U.S. __, 129 S. Ct. 1918 (2009). A party has standing for purposes of Article III if his claims "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[T]he injury alleged cannot be conjectural or hypothetical, remote, speculative, or abstract." *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (internal citations and quotation marks omitted). Plaintiff was neither a signatory to the lease, nor an authorized occupant of Ms. Jackson's apartment, nor a party to the Superior Court proceedings. Absent a legally protected interest, it does not appear from the facts alleged that plaintiff has standing to bring his claims.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: *April 21, 2012*

_____
United States District Judge